### WHITFIELD v. HAMMERSTEIN.

#### (Circuit Court, E. D. Pennsylvania. May 29, 1909.)

#### No. 462.

JUDGMENT (§ 199*)—NOTWITHSTANDING VERDICT—EFFECT OF EVIDENCE.

In an action by a servant to recover for a personal injury, on the ground that the master was negligent in the construction of a scaffold on which plaintiff, with other laborers, was required to work, where the evidence on such issue was conflicting, the court cannot enter a judgment for defendant notwithstanding the verdict.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 367; Dec. Dig. § 199.*]

At Law. On motions for new trial and for judgment notwithstanding the verdict.

John J. McDevitt, Jr., and J. Edgar Butler, for plaintiff.
Julius C. Levi, for defendant.

J. B. McPHERSON, District Judge. An attentive examination of the testimony taken at the trial, aided by the arguments of counsel, has satisfied me that this case could not have been withdrawn from the jury. The defendant undertook to furnish the materials and erect a reasonably safe scaffold upon which the plaintiff with other laborers was to work. The quality of the materials is not complained of. It is the method of erection that is said to have been faulty, in view of the load that the scaffold was called upon to bear. Originally the structure may have been fit; but it is clear that the strain upon it was increased by the erection of the "horse scaffold," and it is not disputed that the first time it was used after the added load was put upon it a break occurred and several workmen were injured. The weak point seems to have been that the put locks, or cross-supports under the platform, were too far apart; for it is certain that the injury was caused by the breaking of one of those supports, and the jury has found that the distance was too great. Whatever the weight of the defendant's testimony on this point may have been, the jury has chosen to rely upon the witnesses that testified in behalf of the plaintiff; and upon the motion for judgment notwithstanding the verdict all that the court can decide is that the question of negligence could not have been taken away from the jury, and therefore cannot now be determined in the defendant's favor. The motion for judgment is refused, and to such refusal an exception is sealed in behalf of the defendant.

The motion for a new trial was withdrawn at the argument; the defendant relying wholly upon his motion for judgment notwithstanding the verdict. A new trial is therefore formally refused.